J-A13033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAKOTA F. PROCTOR-BURCH | : | |
| | : | |
| Appellant | : | No. 801 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 28, 2025
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000394-2024

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: AUGUST 6, 2026**

Dakota F. Proctor-Burch (Appellant) appeals from the judgment of sentence imposed following his open guilty plea to one count of Criminal Use of a Communication Facility (18 Pa.C.S. § 7512(a)) and one count of Unlawful Dissemination of an Intimate Image (18 Pa.C.S. § 3131(a)). Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The trial court explained the facts of this case as follows:

On October 18, 2024, [Appellant] was charged with Solicitation of Rape by Forcible Compulsion, 18 Pa.C.S. § 3121(a)(1); Unlawful Use of Computer, 18 Pa.C.S. § 7611(a)(3); Criminal Use of a Communication Facility, 18 Pa.C.S. § 7512(a); and two counts of Unlawful Dissemination of an Intimate Image, 18 Pa.C.S. § 3131(a).

The Commonwealth, through an investigation conducted by the Warren City Police Department, alleged that [Appellant] committed the above-described crimes on or about October 3, 2024. The Affidavit of Probable Cause alleged that [Appellant]

disseminated nude images without consent, while posing as the Victim[1] through the Victim's snapchat account and attempted to persuade[] a known male to fulfill a "rape fetish." Moreover, the Commonwealth alleged that [Appellant], posing as the Victim, indicated that the Victim wanted the male to break into her residence and force himself on her, stating that she would resist but that it was all part of the act. The criminal complaint alleges that [Appellant] admitted to these allegations upon questioning, stating that he did so because he was "mad at the Victim."

On February 6, 2025, [Appellant] entered a plea to Counts 3 and 4, namely Criminal Use of a Communication Facility and Unlawful Dissemination of an Intimate Image. The remaining counts were *nolle prossed*[2] by the Commonwealth.

On March 28, 2025, this court sentenced [Appellant] outside of the standard sentencing guidelines to an aggregate sentence of incarceration in a state correctional institution for a minimum period of twenty-four (24) to a maximum period of forty-eight (48) months. …

On April 7, 2025, [Appellant] filed a timely post-sentence motion, arguing that the court's sentence was "outside of any reasonable expectation on [Appellant's] part of a reasonable sentence." *[Appellant's] Post-Sentence Motion,* ¶ 6.[3] Additionally, [Appellant] argued that "some of the reasons stated on the record in this matter in support of a departure from the guidelines seemed to relate to the offense of 'Solicitation/Rape' F1, which [Appellant] did not enter a guilty plea for and was not sentenced on." *Id.* at ¶ 18. The court again outlined its reasons for the sentence at the time of argument. The court denied [Appellant]'s motion at the time of argument and a written order was entered on the same date [and filed on June 5, 2025].

_____

[1] Victim was Appellant's wife.

[2] A *nolle prosequi* is a voluntary withdrawal of charges by the prosecuting attorney. *See Commonwealth v. Harrison*, 307 A.3d 71, 79 (Pa. Super. 2023) (providing history of the term). The term is commonly abbreviated as "*nol pros*" or "*nolle pros*." In this memorandum, we will use the terms "*nolle prosequi*" and "*nolle pros*" interchangeably.

[3] We note that Appellant never sought to withdraw his guilty pleas.

[Appellant] filed a Notice of Appeal on June 27, 2025, and the court issued an order on July 10, 2025, directing [Appellant] to file a statement of errors complained of on appeal. [Appellant] filed same on July 31, 2025[.]

Trial Court Opinion (TCO), 8/4/25, at 1-3 (some formatting altered).

Appellant raises the following issues on appeal:

I. Whether the sentencing court abused its discretion by sentencing [Appellant], on the charge of Criminal Use of a Communication Facility, F3, to a term of 24 months to 48 months in a state correctional institution where said sentence was a grave departure from the Pennsylvania 8th Edition Sentencing Guidelines, did not properly consider that [Appellant] had no prior record, was gainfully employed and a productive member of society, and where said punishment did not fit the nature of the crime to which [Appellant] entered a guilty plea.

II. Whether the sentencing court abused its discretion by sentencing [Appellant], on the charge of Unlawful Dissemination of Intimate Image, M2, to a term of 12 months to 24 months in a state correctional institution where said sentence was a grave departure from the Pennsylvania 8th Edition Sentencing Guidelines, did not properly consider that [Appellant] had no prior record, was gainfully employed and a productive member of society, and where said punishment did not fit the nature of the crime to which [Appellant] entered a guilty plea.

Appellant's Brief at 5 (unnecessary capitalization omitted).

Prior to addressing Appellant's sentencing challenge, we first address a separate concern raised in his brief. As noted above, on March 31, 2025, after Appellant was sentenced in this case, the Commonwealth filed a motion to *nolle pros* the charges to which Appellant did not plead guilty, which the trial court granted. However, the Commonwealth inadvertently sought to *nolle pros* count 3, which was one of the charges to which Appellant entered a plea.

Appellant thus suggests that his sentence for that count is illegal on the grounds that the charge has been *nolle prossed*. We do not agree.

"A *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at anytime in the future [within the statute of limitations] can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information." **Commonwealth v. Harrison**, 355 A.3d 826, 830 n.1 (Pa. 2026).

> After the commencement of a criminal matter by the filing of an information or otherwise, the district attorney shall not enter a *nolle prosequi* or dispose of the matter or discharge a prisoner from custody by means of a proceeding in lieu of a plea or trial without having obtained the approval of the court.

42 Pa.C.S. § 8932; **see also** Pa.R.Crim.P. 585(A) ("Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person."). Further, "a *nolle prosequi* acts neither as an acquittal nor a conviction." **Schreyer v. Com. Dep't of Transp., Bureau of Driver Licensing**, 929 A.2d 273, 275 (Pa. Cmwlth. 2007).[4] Nonetheless, after a charge is *nolle prossed*, "there are no charges for the trial court to dispose of." **Id.** at 276.

---

[4] Although this Court is not bound by decisions of the Commonwealth Court, we may consider such decisions as persuasive authority. **See Commonwealth v. Segarra**, 228 A.3d 943, 950 (Pa. Super. 2020) (citation omitted).

Our research has not discovered a Pennsylvania case with facts similar to the instant situation, where the trial court entered an order purporting to grant the Commonwealth's motion for a *nolle prosequi* on a charge for which the defendant had previously been convicted and the court had entered a sentence. The trial court did not address this issue, and neither party has supplied us with any case law. "When confronted with a question heretofore unaddressed by the courts of this Commonwealth, we may turn to the courts of other jurisdictions. Although we are not bound by those decisions, we may use decisions from other jurisdictions for guidance to the degree we find them useful and not incompatible with Pennsylvania law." **Commonwealth v. Manivannan**, 186 A.3d 472, 483–84 (Pa. Super. 2018). After review, we are persuaded by the analysis of **State v. Simms**, 175 A.3d 681, 683 (Md. App. Ct. 2017), which held that a prosecutor has no authority to enter a *nolle pros* on charges after final judgment.

In **Simms**, while the appellant's appeal of his convictions was pending, but before the briefs had been filed, the state entered a *nolle pros* in the trial court on the charge for which Simms had been convicted.[5] **Id.** The state then moved to dismiss Simms' appeal, claiming that it was moot due to the state's decision to enter the *nolle pros*. **Id.** The Court of Appeals was tasked with

_____

[5] We note that, in Pennsylvania, the state's request to *nolle pros* charges is subject to approval from the trial court. Pa.R.Crim.P. 585(A) ("… the court **may**, in open court, order" the *nolle pros*) (emphasis added). Nonetheless, the Maryland Court's analysis regarding the ability to enter a *nolle pros* after sentencing is pertinent despite this difference in procedure.

determining whether the state had the authority to *nolle pros* charges after the trial court had entered final judgment.

The Maryland Court first defined "*nolle prosequi*" as a formal entry on the record that declares the State's intention not to prosecute a charge, or as the abandonment of a prosecution. ***Id.*** at 685. The court noted that, although the pertinent procedural rules do not specifically preclude the entry of a *nolle pros* on charges during appellate review or after final judgment had been reached, the language of the Rule "presupposes the existence of charges that the State may cease prosecuting." ***Id.*** The language thus focuses upon "charges" faced by a defendant. However, the Maryland Rule "is silent on when a charge can no longer be *nol[le] prossed*." ***Id.***

Considering the boundaries on the state's discretion to enter a *nolle pros*, the ***Simms*** Court found persuasive the following passage issued by the Wyoming Supreme Court:

> "The rule at the common law seems to have been ... that prior to trial the prosecutor has the absolute uncontrolled power to enter a *nolle prosequi*; that after the empaneling of the jury until the return of a verdict the power is subject to the control of the court since it may not be used at that time to the prejudice of the defendant; and that following the return of the verdict the uncontrolled power of the prosecutor to enter a nolle revives and continues **until such time as judgment is entered and sentence imposed**."
>
> ***Billis v. State***, 800 P.2d 401, 418 (Wyo. 1990) (citing to ***United States v. Brokaw***, 60 F. Supp. 100, 102 (S.D. Ill. 1945)).

***Id.*** at 688 (emphasis added).

We agree with the reasoning of the Maryland court that, once a judgment of sentence has been imposed, the Commonwealth's authority to enter a *nolle prosequi* ends. In the present case, there was an apparent typographical error in the counts listed in the Commonwealth's motion. The Commonwealth plainly intended to seek a *nolle pros* on only the charges that remained pending following Appellant's guilty plea. The listing of count 3 in the motion was an obvious clerical error. Moreover, under the reasoning of **Simms**, which we adopt here, even if it had been the Commonwealth's intent to do so, the Commonwealth had no authority to seek a *nolle pros* on that count once Appellant received his final judgment of sentence. Plainly speaking, the Commonwealth can only seek to *nolle pros* a charge before sentence is imposed. Thus, count 3 of the information in this case could not be *nolle prossed* after Appellant was sentenced. To the extent the trial court granted that motion with respect to count 3, that portion of the order had no legal effect. We thus move on to consider the issues presented by Appellant.

In each of Appellant's issues in this appeal, Appellant provides identical arguments, stressing that the sentence imposed was a "grave departure" from the sentencing guidelines. We thus will address both issues together. In considering the discretionary aspects of Appellant's sentence, we note that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Lawrence**, 313 A.3d 265, 285 (Pa. Super. 2024). In this context, an abuse of discretion requires the sentencing court

to have ignored or misapplied the law, otherwise acted with manifest unreasonableness, or made its decision while exhibiting partiality, prejudice, bias, or ill-will; a sentence will be affirmed unless the sentencing court's determination suffers from such a lack of support so as to be clearly erroneous. ***Id.***

Further, there is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Morrobel***, 311 A.3d 1153, 1156 (Pa. Super. 2024) (citation and internal quotation marks omitted).

Here, Appellant has filed a timely notice of appeal, and he preserved his claims in a timely post-sentence motion. Appellant's brief also includes a Rule 2119(f) statement of reasons to permit his sentencing appeal. Thus, we consider whether he has raised a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McLendon***, 293 A.3d 658, 670 (Pa. Super. 2023).

Appellant argues that he had no prior record and that the sentencing court failed to properly consider his employment history or that he was a productive member of society; Appellant also asserts that the punishment he received did not fit his crimes. In essence, Appellant maintains that the court imposed a sentence outside the standard range of the sentencing guidelines without specifying adequate reasons on the record. This Court has held that these claims present a substantial question. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014); *see also Commonwealth v. Derrickson,* 242 A.3d 667, 680 (Pa. Super. 2020) (finding an averment that a sentence is the result of the court's improperly focusing solely upon the seriousness of the offense, along with the claim that it failed to consider all relevant sentencing factors, raises a substantial question); *Commonwealth v. Gooding*, 818 A.2d 546, 553 (Pa. Super. 2003) (substantial question raised where the appellant asserts the sentencing court failed to state reasons on the record to justify an upward departure from the Sentencing Guidelines). Thus, we will review the discretionary aspects of Appellant's sentence.

Our review of the discretionary aspects of Appellant's sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1)  The sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

> (2)   the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3)   the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).   Herein, Appellant argues that his sentence, imposed outside of the sentencing guidelines, is unreasonable.

Subsection (d) instructs that the appellate court, in reviewing the record, must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any PSI report; the findings upon which the sentence was based; and the sentencing guidelines.   42 Pa.C.S. § 9781(d).   Moreover, the balancing of factors in crafting a sentence "is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand."   ***Commonwealth v. Pisarchuk***, 306 A.3d 872, 879-80 (Pa. Super. 2023).   As long as the lower court was fully aware of all mitigating evidence, the reviewing court is precluded from re-weighing these sentencing factors and imposing a sentence different from that imposed by the sentencing court.   ***Id.*** at 880.

For the offense of criminal use of a communication facility, the court imposed a sentence of 24 to 48 months of incarceration.   Thus, Appellant's

sentence is outside of the sentencing guidelines, which suggested probation.[6]

For the offense of unlawful dissemination of an intimate image, the court imposed a sentence of 12 to 24 months of incarceration, which is again above the standard range of 12 months of probation called for in the guidelines.

Appellant argues that imposing incarceration was unreasonable in his case because the guidelines suggest a sentence of probation not to exceed two years, possibly with restrictive conditions for a three-month period. Appellant's Brief at 21. Appellant also argues that, while the court mentioned during the sentencing hearing that Appellant's children could have been present when a stranger came to rape his wife, this was incorrect; the children did not primarily reside with Victim, and no children were present on the day Appellant used Victim's Snapchat account to post the messages. *Id.* Appellant further argues that Victim was never in real danger because no one acted upon the messages that he had posted. *Id.* at 22. Appellant maintains that the trial court should not have focused upon the facts relating to the charge of solicitation for rape, because he did not plead guilty to that offense. *Id.* Further, he points out that neither the victim nor the prosecutor had advocated for such a severe sentence. Thus, Appellant concludes that the

---

[6] Further, we note that Appellant's sentences are not above the lawful maximum. Criminal use of a communication facility is a felony of the third degree, meaning that the maximum permissible sentence is 7 years. 18 Pa.C.S. § 1103(3). The offense of unlawful dissemination of an intimate image is a misdemeanor of the second degree, meaning that the maximum sentence possible on that count is two years. 18 Pa.C.S. § 1104(2).

trial court's sentence was focused solely upon the severity of the charge, to the detriment of any other relevant sentencing factors.

With respect to the sentencing guidelines, this Court has explained:

the sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it [is] not bound by the sentencing guidelines. The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." When a court chooses to depart from the guidelines[,] however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines." Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

*Pisarchuk, supra*, 306 A.3d at 880 (*quoting Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008)) (some citations omitted and formatting altered). Thus, the mere fact that the sentence imposed exceeds the recommended guideline range does not automatically require us to conclude that there was an abuse of discretion. Rather, we must consider the reasons provided by the trial court for its sentence.

We wholly disagree with the primary thrust of Appellant's argument – that the court somehow erred by considering the underlying facts related to the solicitation of rape charge when fashioning his sentence. Appellant maintains that because he did not enter a plea to the attempted rape charge, it was impermissible for the trial court to consider this charge during

- 12 -

sentencing to increase his sentence. However, our Supreme Court has stated that "a guilty plea constitutes an admission to *all of the facts* averred in the indictment." **Commonwealth, Dep't of Transp. v. Mitchell**, 535 A.2d 581, 585 (Pa. 1987) (emphasis added); *see also Commonwealth v. Morrison*, 878 A.2d 102, 106 (Pa. Super. 2005) ("Appellant entered a guilty plea; *ipso facto*, he admitted to the details of the crimes outlined in the factual basis.").

At Appellant's guilty plea hearing, the court explained the factual basis for Appellant's plea, as follows:

> THE COURT:    At Count 3, criminal use of a communications facility, it's a violation of the Crimes Code Section 7512(A), a felony of the third degree carrying a maximum penalty of seven years incarceration, a maximum fine of $15,000. You're charge[d] that you did knowingly, intentionally, and unlawfully use a communications facility to commit, cause or facilitate the commission of an attempt thereof of any crime; to wit, that you did use your cell phone to take control of [Victim's] Snapchat account to portray her identi[ty] for the purpose of distributing explicit images and videos of the victim **and to solicit another male to rape her**.
>
> Do you admit to that conduct, sir?
>
> [APPELLANT]:    Yes.
>
> THE COURT:    And how do you plead to Count 3?
>
> [APPELLANT]:    Guilty.

N.T., Plea, 2/6/25, at 11-12 (emphasis added). Thus, Appellant admitted that he committed the act of taking Victim's cell phone for the purpose of distributing nude images of her and to solicit another male to rape her. Appellant fails to explain why the trial court was not permitted to consider this fact in fashioning its sentence.

- 13 -

At sentencing, the court noted a correction to Appellant's pre-sentence investigation report with respect to a recent unrelated case out of Elk County. N.T. Sentencing, 3/28/25 at 7. Defense counsel requested the trial court to impose a standard range sentence of probation, and to impose it concurrently with his Elk County sentence. *Id.* at 8. The Commonwealth requested that the court go outside the standard range and impose a jail sentence. *Id.* at 12. The trial court then stated the following with respect to Appellant's sentence:

> Okay. I've heard your comments. I also, in terms of the victim impact statement, recognize trauma. I recognize that your former spouse or current spouse believes that you suffered trauma as a child, but that's not an excuse in this [c]ourt's opinion.
>
> I also recognize that these crimes call for the [c]ourt to consider a standard range sentence in a probationary term, but the [c]ourt isn't obligated to sentence you to a term of probation, and these actions in the [c]ourt's opinion … if you look at statistically speaking, I think the [c]ourt sentences in the standard range 97 or 98 percent of the time. Occasionally the [c]ourt mitigates and occasionally the [c]ourt aggravates, but it is rare for the [c]ourt to disagree with the guideline amount.
>
> In this case I've considered probation, but believe that the sentence requires incarceration. You placed not only the mother of your children and your wife, but also your children at risk.
>
> [APPELLANT]:    I'd like to speak on that also. She's not the mother of my children. We don't have children together.
>
> THE COURT:    You don't have children together?
>
> [APPELLANT]:    No. No, Your Honor.
>
> . . . .
>
> THE COURT:    But in any event, when you were making – trolling on the Internet more or less to have her raped, you didn't

- 14 -

pick a day or a time.  You simply said, I have a rape fetish, come rape me.  Those children could have been there, those children could be a part of that, that trauma of someone breaking into the home and then forcing themselves sexually upon your wife.

In terms of the risk, the risk of death is also a possibility in those circumstances.  Thank God it didn't happen.

Bodily injury would definitely have happened by suggesting that somebody rape your wife.

The victim has suffered posttraumatic stress from your conduct and, more importantly, she had to move her household because of your conduct, and you continued to break into her account, use her account, close it back up, and show intimate pictures of her to total strangers.

This action is not only criminal, it's depraved.  By posing as a victim and communicating with countless other known actors, you placed her at tremendous risk.

*Id.* at 15-19.

We discern no abuse of discretion.  Notably, the court possessed a presentence investigatory report.  Consequently, we presume that the court was aware of, and considered, all relevant mitigation evidence, including Appellant's lack of prior convictions, employment history, and personal characteristics.  *See Commonwealth v. Agugliaro*, 342 A.3d 105, 117 (Pa. Super. 2025) (restating that when a PSI exists, we presume that the sentencing court was aware of relevant information about the defendant's character and personal history and properly weighed those factors).

Further, the trial court explicitly recognized that the sentencing guidelines in this case called for probation, but then explained the various reasons it had concluded that probation was not appropriate.  For example, the court discussed Victim's ongoing PTSD issues and her relocation from her

home due to Appellant's actions. Appellant had sought unknown perpetrators to commit violence, and adopted Victim's identity in multiple instances to do so. The trial court was extremely concerned about the extraordinary danger that Appellant had exposed Victim to. These factual circumstances caused the court to conclude that an upward deviation from the guidelines was necessary and that incarceration would be proper. We cannot agree with Appellant that the trial court abused its discretion. *Commonwealth v. Conklin* 275 A.3d 1087, 1096 (Pa. Super. 2025) (affirming a sentence and concluding it was not vindictively imposed, but instead properly based upon the "extreme nature" of the crimes); *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006) (affirming sentence where the trial court noted that the aggravated range was appropriate "because of the extreme indifference for the consequences of [Appellant's] actions").

Although Appellant disagrees with the weight that the court afforded the various factors included in the sentencing decision, it was the sentencing court – not this Court – that was charged with balancing the gravity of the offense, the impact on the victim, the protection of the community, and Appellant's rehabilitative needs. Because the record reflects that the court did in fact consider the applicable sentencing guidelines, and it articulated ample reasons supporting its decision for an upward departure therefrom, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/6/2026